Rivers, J.
Motions numbered 12 and 20 of July 1, 1955, have been consolidated.
I am forced to conclude that the second alleged cause of action, although seriously pressed by the plaintiff, is an abortive attempt to plead a tort where none occurred. A tort cannot be made out of a sale of defective equipment if such equipment did not cause damage to person or property. A sale of defective equipment is only a breach of warranty even if the equipment be of such a nature as to constitute a “ dangerous instrumentality ” within the rule of MacPherson v. Buick Motor Co. (217 N. Y. 382). The tort occurs, and a cause of action sounding in tort arises, only if and when someone is injured in his person or property in consequence of the use of such “ dangerous instrumentality ”. Here no such damage to person or property occurred. It follows, therefore, that the plaintiff has no more than a cause of action for breach of contract against the concern from which it purchased the equipment. It has no case for breach of warranty against the defendant because there is no privity between plaintiff and the defendant. The plaintiff relies principally upon Genesee Co. Patrons Fire Relief Assn. v. Sonneborn Sons (263 N. Y. 463) and upon Spencer v. Madsen (142 F. 2d 820). But in each of these cases a tort occurred in that property was destroyed, such destruction being attributable to the negligent manufacture of the “ dangerous instrumentality.” It is necessary, therefore, to dismiss the second count of the complaint
*1018 The first count of the complaint is also insufficient in law. It is observable that the plaintiff has alleged in paragraph 14 that it received an assignment from “ West Virginia ” of the latter’s cause of action against the defendant. If the plaintiff had pleaded “West Virginia’s” cause of action against the defendant, which was thus allegedly assigned to the plaintiff, it would have had a good complaint. The plaintiff, however, has not pleaded “ West Virginia’s ” alleged cause of action against the defendant. On the contrary, it has pleaded its own, and not “ West Virginia’s ” case or damage. The pleading, therefore, is not helped by the irrelevant averment of an assignment by “ West Virginia ” to the plaintiff.
It seems to me that the only conceivable cause of action which the plaintiff may have against the defendant (absent the occurrence of a tort, which apparently has not occurred) is that which it has allegedly derived by assignment from “West Virginia.” Plaintiff is free to plead such assigned cause of action, but it must limit itself to the damages which “West Virginia ” has sustained. The plaintiff may not recover from the defendant any damages arising out of a breach of contract which it, the plaintiff, sustained; it is limited to those which “West Virginia” suffered, assuming that “West Virginia” has duly assigned its claim to the plaintiff.
Accordingly, the motion under rule 106 of the Rules of Civil Practice is granted, and the complaint is dismissed with leave to the plaintiff to serve an amended complaint, not inconsistent with what has been said here, within 10 days after service upon the attorney for the plaintiff of a copy of this order with notice of entry.
The motion for examination before trial is dismissed in view of the fact that there is now no complaint in this case.
(On reargument, August 17, 1955.)
Motion for reargument is granted. Upon reargument the original determination is adhered to. As to the first alleged cause of action, it is clear that the plaintiff sues for the damages which it sustained and not for those suffered by West Virginia, its immediate seller. In substance, the first alleged cause of action is based upon the following averments, all comprised within paragraph 10 of. the complaint: ‘ ‘ Plaintiff was thereafter required to replace plugs in the finished products that it sold, to refund the sales price of certain finished products, to replace finished products so sold, and to pay damage claims to third persons, on account of said defects and unfitness for use of said caps.” Similarly, the eleventh paragraph refers *1019 to the fact that “ plaintiff lost many customers of long standing, and profits on finished products sold and profits on such finished products which plaintiff had available to be sold; and has been caused great expense in replacing said plugs and finished products, and through the return of finished products theretofore sold.” Paragraph 12 also refers to plaintiff’s losses, and paragraph 13 states in conclusion that “ plaintiff has suffered losses in the aggregate of $6,000.00. ’ ’ There is, therefore, no escaping the conclusion that the plaintiff is suing here for $6,000 in damages which it, and no one else, suffered. Plaintiff may not sue this defendant in contract because there is no privity and never was any between the plaintiff and the defendant. As stated in the original decision, the averments of paragraph 14 of the complaint about an assignment by West Virginia to the plaintiff are irrelevant. If West Virginia has a cause of action against the defendant, it could have assigned, or may now assign, such cause of action to plaintiff, and plaintiff may then sue thereon; but the plaintiff has no cause of action ex contractu against the defendant, and it is impossible for the plaintiff to have such a cause of action.
The second count falls short of stating a cause of action sounding in negligence. The elements of such a cause of action have not been stated. Plaintiff has not even shown its own freedom from contributory negligence. Moreover, the averments of paragraph 19, that “ Finished electrical products, equipment and appliances in which plaintiff used said caps, and said caps, were caused to burn out and become useless by reason of the aforesaid ” are merely conclusory. If property of the plaintiff was damaged by reason of defendant’s negligence in the manufacture of the caps referred to in the complaint, the necessary ultimate facts showing such negligence and showing also the connection between the caps and the destruction of plaintiff’s other property must be pleaded. It will not suffice for the plaintiff to state merely that the defendant was negligent in the manufacture of the caps, nor will it suffice to state as a conclusion that the caps caused damage to other equipment. These are conclusory averments and not such ultimate facts as are required to make a complaint good. Thus, the present complaint is not sufficient to even present squarely the applicability of the rule of MacPherson v. Buick Motor Co. (217 N. Y. 382) and Genesee Co. Patrons Fire Relief Assn. v. Sonneborn Sons (263 N. Y. 463). The rule of these cases implies a situation where negligence in the manufacture of an inherently dangerous product is responsible for a catastrophic occurrence, an accident, which produces a loss other than that resulting *1020 merely from the defective quality or deterioration of the product itself. The words ‘ ‘ inherently dangerous ’ ’ are of prime importance to the application of the rule, which was devised for the protection of person and property, and is not to be so bent as to be made applicable to the ordinary breach of a warranty of quality or usability. In such a case there must still be privity if there is to be a cause of action. One suing in tort must rely upon proof of damage to persons or property directly caused by the dangerous nature of the thing manufactured.
The plaintiff is given leave to serve an amended complaint not inconsistent with what has been said here. The statement in the original decision of July 13,1955, that there appears to be no possibility of the occurrence of a tort here, is eliminated therefrom. If the plaintiff can properly and adequately plead a tort in conformity with the views here stated, it may do so. Similarly, the plaintiff may plead a cause of action in contract, but West Virginia’s, not its own, assuming an assignment by West Virginia to the plaintiff.
The amended complaint may be served within 20 days from date of publication of this order in the New York Law Journal.